# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**KARLO E. BROWN**                                                                    **PLAINTIFF**

**v.**                                                  **CAUSE NO. 1:21cv82-LG-JCG**

**JACKSON COUNTY ADC, ET AL.**                                **DEFENDANTS**

## ORDER OF DISMISSAL FOR LACK OF PROSECUTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. *Pro se* Plaintiff Karlo E. Brown, an inmate of the Jackson County Adult Detention Center in Pascagoula, Mississippi, brings this Complaint pursuant to 42 U.S.C. § 1983. Plaintiff failed to pay the filing fee or file a completed application for leave to proceed *in forma pauperis* ("IFP").

The IFP statute requires a prisoner seeking leave to proceed without prepayment of the filing fee to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915 (a)(2). Plaintiff did not submit a trust fund account statement or institutional equivalent.

On March 24, 2021, the Court entered an Order directing Plaintiff, on or before April 23, 2021, to pay the required filing fee or file a completed *in forma pauperis* application. (Order, 1, ECF No. 3). The Order provided a blank IFP

application including a "Certificate to Be Completed by Authorized Officer" of prison accounts to serve as the institutional equivalent of a trust fund account statement. (*Id.* at 3–5).  The Order also provided that if Plaintiff is unable to obtain this information he may file an "affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court."  (*Id.* at 1).

When Plaintiff did not comply, the Court entered an Order to Show Cause, directing Plaintiff to show cause by May 21, 2021, why this case should not be dismissed for failure to obey the Court's prior Orders.  (Order to Show Cause, 1, ECF No. 4).  The Order to Show Cause warned Plaintiff that his failure to timely comply will result in the dismissal of this case.  (*Id.* at 2).  The Order to Show Cause [4] was returned by the postal service as undeliverable with the notation "no longer here."  (Ret. Mail, 1, ECF No. 5).

Since Plaintiff is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders before the dismissal of this case.  On June 4, 2021, the Court entered a Second Order to Show Cause, directing Plaintiff to show cause by June 18, 2021, why this case should not be dismissed for failure to obey the Court's prior Orders.  (Second Order to Show Cause, 1, ECF No. 6).  The Second Order to Show Cause specifically warned Plaintiff that a "failure to advise this Court of a change of address or failure to fully comply with this Order in a timely manner will result in the dismissal of this case, without further notice to the

Plaintiff." (*Id*. at 2). The Second Order to Show Cause was returned by the postal service as "refused." (Ret. Mail, 1, ECF No. 7).

Plaintiff has not advised the Court of his current address, he has not contacted the Court about this case since March 23, 2021, and he has failed to comply with multiple Court Orders. The Court warned Plaintiff on numerous occasions that failure to comply with Orders or failure to keep the Court informed of his current address would lead to the dismissal of this case. (*See* Second Order to Show Cause, 2, ECF No. 6; Order to Show Cause, 2, ECF No. 4; Order, 1–2, ECF No. 3; Notice of Assign., 1, ECF No. 1–2). It is apparent from Plaintiff's failure to comply with the Court's Orders that he lacks interest in pursuing this case.

This Court has the inherent authority to *sua sponte* dismiss an action for a plaintiff's failure to prosecute or to obey the court's orders. *Link v. Wabash R.R.*, 370 U.S. 626, 629–31 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the "orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629–30. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." (*Id.*) As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005).

3

Dismissal without prejudice is warranted.

Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that this lawsuit is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 1st day of July, 2021.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE